## INTERNATIONAL TEXTBOOK CO. v. UNITED STATES.

### No. J–634.

Court of Claims.
Nov. 3, 1930.

Dean G. Acheson, of Washington, D. C. (Raymond B. Goodell, of New York City, and Covington, Burling & Rublee, of Washington, D. .C., on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

LITTLETON, Judge.

It is the contention of plaintiff that in respect of the payments to the publishing company, pursuant to the agreement of May 5, 1916, it was entitled to deduct $15,787.72 as an ordinary and necessary expense in determining consolidated net income for the year 1918, such amount being equal to 6 per cent. of the gross cash receipts of $263,128.71 for 1918.

It is agreed that if plaintiff is correct in this contention, the correct amount of tax for 1918 is $59,029.78 instead of $59,973.44 as collected by the defendant. The amount of interest and penalty collected by the defendant in respect of the difference between the tax paid and the aforesaid amount of $59,029.78 is $154.70.

The defendant contends that, since the royalties provided for under said contract were limited to 3 per cent. of such gross receipts, the sum of $7,893.86 is the total amount of payment by the Woman's Institute that accrued in the year 1918 and that no greater amount may be considered as a deductible expense for that year.

The defendant further contends that payments made or credited in 1918 to the publishing company under subdivisions (a) and (b) of the third paragraph of the contract accrued prior to 1918, and, in any event, such payments represented capital expenditures and consequently were not to be treated as expenses of conducting the business.

We are of opinion that the decision of the Commissioner of Internal Revenue was cor-

rect and that plaintiff was not entitled to recover.

Under the contract the amount of $90,-000 was paid or accrued prior to the taxable year 1918. No portion of the amount therefore was a proper deduction as an ordinary and necessary expense of doing business in the year 1918.

The contract provided for the payment of a royalty of 3 per cent. upon the first gross cash receipts of $3,000,000, and thereafter a royalty of 6 per cent. The fact that the royalty of 3 per cent. on the first $3,000,000 provided in the contract may have been arrived at because of the first payment of $90,-000 did not entitle the plaintiff to deduct in each year, until the gross receipt of $3,000,-000 had been received, an amount equal to 6 per cent. of the gross receipts each year. The payments totaling $90,000 were in no way dependent upon the amount which the Woman's Institute might receive from the sale of the courses. The whole amount was a fixed obligation from the time the contract was signed. It was an obligation arising at the time the contract was made and was a payment for property rights of an income-producing nature available to the plaintiff from that time forward as long as the courses were desired.

It is argued on behalf of the plaintiff that if a proportionate part of the payments totaling $90,000, equal to 3 per cent. of the gross cash receipts in 1918, is not a proper deduction for that year as an ordinary and necessary expense, it was entitled to a deduction in that year of that amount for exhaustion of the capital assets acquired by payment of such $90,000. We are of opinion that there is no merit in this contention. The rights granted under the contract to the Woman's Institute to sell the courses in domestic science were of indefinite duration, and there is no basis for the computation of exhaustion under the statute. Coca Cola Bottling Co., 6 B. T. A. 1333.

The petition must be dismissed. It is so ordered.